IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAN ASIA SOLAR LIMITED, | ) | |
| | ) | |
| Plaintiff-Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-CV-00086 GMS |
| | ) | |
| SIERRA TRADING SERVICES INC., | ) | |
| | ) | |
| Defendant-Counterclaim Plaintiff. | ) | |

**JOINT STATUS REPORT**

Pursuant to Fed. R. Civ. P. 26(f), counsel for the parties conferred on May 21, 2008 and respectfully submit this Joint Status Report.

**1.     Jurisdiction and Service.**

This is a breach of contract action that was originally filed in the Superior Court of the State of Delaware in and for New Castle County by Plaintiff Pan Asia Solar Limited ("Pan Asia"). Defendant Sierra Trading Services, Inc. ("Sierra") removed the action to this court pursuant to 28 U.S.C. §§ 1332 and 1446. The Court has subject matter jurisdiction of the dispute because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. All parties are subject to personal jurisdiction in this Court. All parties have been served with the requisite pleadings and answers have been filed to all claims and counterclaims.

**2.     Substance of the Action.**

   **A.     Plaintiff's Position**

This dispute arises from breach of a procurement services agreement by Sierra.

On or about September 6, 2007, Pan Asia and Sierra executed the Procurement Services Agreement ("Procurement Services Agreement"). Pursuant to the Procurement Services Agreement, Sierra agreed to provide a completed contract for silicon wafers meeting certain technical specifications in exchange for $125,000 ("Wafer Supply Contract"). If the test wafers did not meet the specifications or were found unsuitable for processing by Pan Asia, then Pan Asia was entitled to terminate the Procurement Services Agreement and to obtain a full refund from Sierra. As required by the Procurement Services Agreement, Pan Asia paid $37,500 to Sierra as a retainer. After Sierra disclosed the supplier, Microsys International ("Microsys"), Pan Asia paid the remaining $87,500 to Sierra. Pan Asia then paid Microsys a deposit for a test wafer contract. Microsys was supposed to deliver test wafers to Pan Asia on or about November 1, 2007, but was unable to do so and eventually admitted that it could not deliver the test wafers. Microsys returned the deposit to Pan Asia. As a result of Microsys's failure to provide test wafers meeting the specifications set forth in the Procurement Services Agreement, Pan Asia was entitled to a full refund of the $125,000 it paid Sierra. Despite repeated requests for this refund, Sierra has failed to return Pan Asia's money. Pan Asia seeks the return of the $125,000 it paid to Sierra, damages it incurred as a result of Sierra's failure to provide a completed contract, attorneys' fees, interest and costs.

With respect to Sierra's counterclaim for breach of the Procurement Services Agreement and Wafer Supply Contract and breach of the implied covenant of good faith and fair dealing based upon Pan Asia contacting Microsys, the Procurement Services Agreement did not prohibit such contact and this contact did not injure Sierra. As far as Sierra's claim that arbitration of this dispute is required, the Procurement Services Agreement contains no arbitration clause. The Wafer Supply Contract, which contains an arbitration clause, is irrelevant here because Microsys

was unable to perform and returned Pan Asia's money. Pan Asia and Microsys have no dispute with each other pursuant to the Wafer Supply Contract.

Contrary to Sierra's contentions, the parties never agreed to arbitrate this dispute. After Sierra filed its answer and counterclaim, claiming that it desired arbitration, Pan Asia indicated to Sierra that might be willing to engage in arbitration in order to resolve this dispute in a prompt and cost-effective manner. Sierra was unwilling to arbitrate without non-party Microsys, so this litigation continued.

### B.    Defendant's Position

Plaintiff asserts that the Procurement Services Contract and the Wafer Supply Contract are independent of one another, which is incorrect. The Procurement Services Contract and the Wafer Supply Contract are intertwined and dependent upon one another. The two contracts can not be read separately. Performance of the Wafer Supply Contract was integrally affected by and conditioned upon the Procurement Services Contract.

As a condition of the Procurement Services Contract Pan Asia agreed that Sierra would locate a supplier for the wafers and would make the formal introductions between Pan Asia and the wafer supplier Microsys. It was agreed that there was to be no contact between Pan Asia and Microsys until after the formal introductions by Sierra. Pan Asia, unfortunately did not abide by this condition and contacted Microsys directly, without notice to Sierra and attempted to independently negotiate a new contract with Microsys. This clear breach by Plaintiff attempted to exclude Sierra so as to avoid paying its fee for work in locating Microsys and introducing Microsys to Pan Asia. Sierra was ultimately damaged by this breach because Microsys coincidentally without explanation stated they were unable to provide the minimal sample wafers meeting Pan Asia's specifications.

The Procurement Services Contract was contingent upon a Wafer Supply Contract and both contracts constituted the integrated contractual arrangement between the parties. Therefore, if Microsys was having problems supplying the samples, they were required to work with and involve Sierra in the negotiations, so that Sierra could ensure that there would not be a breach of the Wafer Supply Contract which would ultimately affect the Procurement Service Contract. Pan Asia has subsequently agreed to submit the case to arbitration; however they will not agree to have Microsys participate. Arbitration of that nature fails to accurately reflect the purpose and goals established in the arbitration clause.

Therefore, Sierra submits that it fully performed on the Procurement Services Contract when it located and contracted with Microsys to supply the wafers to Pan Asia. It was Pan Asia's initial breach of the Procurement Services Contract, which has ultimately caused the Wafer Supply Contract to be breached.

Moreover, Pan Asia breached the covenant of good faith and fair dealing when it failed to adhere in good faith to the arbitration clause in the supply contract thereby failing to deal with Sierra fairly. Pan Asia further breached the covenant of good faith and fair dealing when it entered into the contract with Sierra under the pre-text that it was looking for a supplier of silicon wafers, when it was looking for the opportunity to obtain a partner (Microsys) who already had a factory in China so that Pan Asia could partner directly with Microsys. Pan Asia deceptively induced Sierra to enter into the Procurement Services Contract with them under the false pretense that they were looking for a silicon wafer supplier when in reality they were looking for a silent partner in China to purchase or co-partner with in buying factories in China. Pan Asia intentionally misrepresented the facts of the contract and had no intentions of honoring the supply contract or the procurement contract.

**3.     Identification of Issues.**

**A.     Plaintiff's Position**

Plaintiff believes that the factual and legal issues are:

(1)     Whether Pan Asia and Sierra had a valid and enforceable agreement;

(2)     Whether Sierra breached the Procurement Services Agreement by failing to return Pan Asia's money;

(3)     Whether Pan Asia breached the Procurement Services Agreement by contacting Microsys or by instituting litigation against Sierra;

(4)     Whether Pan Asia breached the implied covenant of good faith and fair dealing by contacting Microsys or instituting litigation against Sierra; and

(5)     Whether and to what extent Pan Asia is entitled to damages, attorneys' fees, interest and costs as a result of Sierra's breach of contract.

**B.     Defendant's Position**

Defendant believes that the factual and legal issues are:

(1)     Whether Pan Asia breached the Procurement Sales Contract.

(2)     Whether Microsys is an indispensable party.

(3)     Whether Microsys truly could not produce the sample wafers.

(4)     Whether Sierra breached the Procurement Service Contract.

(5)     Whether Pan Asia breached the covenant of good faith and fair dealing when it entered into a contract with Sierra.

(6)     What damages Sierra is entitled due to Pan Asia's breach.

(7)     Whether or not the Procurement Service Contract and the Wafer Supply Contract are dependent on one another

(8)     Whether the matter is or was subject to arbitration.

**4.     Narrowing of Issues.**

After discovery is completed, resolution of this case on summary judgment might be appropriate.

**5.     Relief.**

   **A.     Plaintiff's Position**

Pan Asia seeks compensatory damages, interest, costs, attorney's fees, and such other and further relief as the Court deems appropriate. The precise amount of compensatory damages cannot be determined at this time, but Pan Asia is seeking the return of the $125,000 it paid Sierra and approximately $2 million it lost as a result of Sierra's failure to provide a supplier that could manufacture the necessary wafers at the agreed upon price.

   **B.     Defendant's Position**

Sierra in its Counterclaim seeks the cost incurred in prosecuting this action, including reasonable attorney's fees and other further relief, as the Court may deem just and proper.

**6.     Amendment of Pleadings.**

   **A.     Plaintiff's Position**

No amendment of the pleadings is contemplated by Plaintiff at this time.

   **B.     Defendant's Position**

Defendant intends to join Microsys as an indispensable party and file a third party complaint against Microsys and Defendant anticipates that once they are joined that the pleadings will need to be amended against them for a breach of contract and breach of covenant of good faith and fair dealing.

**7.      Joinder of Parties.**

    **A.      Plaintiff's Position**

Plaintiff does not anticipate joining additional parties at this time. All motions to join other parties and/or amend the pleadings shall be filed on or before June 23, 2008.

    **B.      Defendant's Position**

Defendant intends to join Microsys as an indispensable party and file a third party complaint against them. All motions to join other parties and/or amend the pleadings shall be filed on or before August 18, 2008.

**8.      Discovery.**

    **A.      Plaintiff's Position**

Pan Asia proposes that the Court set discovery to close on September 30, 2008. This litigation has been pending January 7, 2008 and to date Sierra has made no effort to join Microsys, a company located in Singapore, in this litigation. If Sierra takes reasonable steps to join and serve Sierra in this litigation, but is unable to do so by the end of discovery, then Sierra can move for an extension of the discovery deadline.

With respect to depositions, Pan Asia believes that each party should not be permitted to take more than two depositions, without leave of Court or mutual agreement of the parties. If Microsys is joined as a party and served, the number of depositions taken by each party can be expanded to three. Pan Asia believes that all written discovery should be served sufficiently in advance so that the 30-day response time occurs before the close of discovery.

    **B.      Defendant's Position**

Sierra proposes that the discovery deadline be discussed during a teleconference with the Court as the Sierra needs to file and obtain service over Microsys before discovery can be

concluded. Sierra intends to file a motion to dismiss for failure to join an indispensable party if it can not obtain service on Microsys. Therefore, Sierra proposes that the discovery deadline be discussed during the teleconference. Sierra at this time can not agree to limit the number of depositions to two, however agrees that depositions can be limited.

**9.    Estimated Trial Length.**

The parties estimate that the trial will require 2 days.

**10.    Jury Trial.**

Pan Asia requested a jury trial in Superior Court, but is willing to proceed with a bench trial. Sierra does not object to a bench trial.

**11.    Settlement.**

The parties have not engaged in preliminary settlement discussions. The parties believe that referral to a Magistrate for mediation is appropriate.

**12.    Other Matters.**

**A.    Plaintiff's Position**

Pan Asia requests that the Court hold a scheduling conference soon in order to set a trial date in late 2008. Pan Asia will be providing a proposed scheduling order to the court. If Sierra takes reasonable steps to join and serve Microsys in this litigation, but is unable to do so before trial, then Sierra can move for an extension of the trial date. Although this litigation commenced in January 2008, Sierra has not yet attempted to join or serve Microsys.

### B. Defendant's Position

Sierra requests a scheduling conference to discuss a discovery deadline and trial date, depending on when and whether it serves Microsys.

**13. Conferral of Parties.**

Counsel for the parties hereto certify that they have conferred about each of the above matters.

| | |
|---|---|
| MORRIS JAMES LLP | RICHARD R. WIER, JR. P.A. |
| */s/ Katherine J. Neikirk* | */s/ Michelle D. Allen* |
| Edward M. McNally (#614) | Richard R. Wier, Jr. (#716) |
| Katherine J. Neikirk (#4129) | Michelle D. Allen (#4359) |
| 500 Delaware Avenue, Suite 1500 | Two Mill Road, Suite 200 |
| P.O. Box 2306 | Wilmington, DE 19806 |
| Wilmington, Delaware 19899 | (302) 888-3222 |
| (302) 888-6800 | Attorneys for Defendant Sierra Trading |
| Attorneys for Plaintiff Pan Asia Solar Ltd. | Services, Inc. |

1745331